MORGAN, LEWIS & BOCKIUS LLP
R Raymond Rothman, Bar No. 142437
rick.rothman@morganlewis.com
David K. Brown, Bar No. 281877
david.brown@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:      +1.213.612.2500
Fax:     +1.213.612.2501

Attorneys for Defendant
TESLA, INC.

LUCAS WILLIAMS (State Bar No. 264518)
JACOB JANZEN (State Bar No. 313474)
LEXINGTON LAW GROUP
503 Divisadero Street
San Francisco, California 94117
Telephone:     (415) 913-7800
lwilliams@lexlawgroup.com
jjanzen@lexlawgroup.com

Attorneys for Plaintiff
ENVIRONMENTAL DEMOCRACY PROJECT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ENVIRONMENTAL DEMOCRACY PROJECT, a California non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC.; TESLA MOTORS, INC.; and DOES 1 through 20,<br><br>Defendant. | Case No. 3:24-cv-02888-TLT<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>[Clean Air Act 42 U.S.C. § 7604(a) Citizen Suit]<br><br>Hon. Trina L. Thompson<br>Complaint filed: May 13, 2024 |

1      Plaintiff Environmental Democracy Project (EDP) and Defendant Tesla, Inc. (Tesla) submit this initial case management statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.  Counsel for the parties have met and conferred on all matters required by Federal Rule of Civil Procedure 26(f).  As discussed below, the parties are pursuing an early negotiated resolution of this action and a related administrative proceeding.

**1. JURISDICTION & SERVICE**

The Court has jurisdiction under 28 U.S.C. § 1331 because the action arises under the Clean Air Act, 42 U.S.C. §§ 7401-7675 (the Clean Air Act).  The parties are not aware of any issues regarding venue.  Service has been effectuated.  Tesla's responsive pleading is currently due on November 14, 2024.  ECF No. 22.

**2. FACTS**

EDP alleges a single cause of action under the Clean Air Act based on Tesla's alleged violations of its air quality permit.  ECF No. 1.  Tesla denies all material allegations.

**3. LEGAL ISSUES**

EDP alleges the following legal issues are present in the instant action:

A.     Whether Tesla violated the Clean Air Act;

B.     Whether civil penalties should be imposed under 7 U.S.C. § 7604(a) and, if so, in what amount; and

C.     Whether EDP is entitled to injunctive relief under 7 U.S.C. § 7604(a).

Without waiving or otherwise limiting any potential defenses or arguments, Tesla asserts that the principle legal issue is whether EDP can meet its burdens with respect to the claims alleged, including entitlement to remedies such as penalties, injunctive relief, and attorneys' fees and costs. Additionally, the case will likely include at least the following legal issues:

    A. Whether any alleged violations were the result of a superseding or intervening cause arising from the acts or omissions of parties that Tesla had no control over, nor the legal right to control;

    B. Whether EDP has failed to join any necessary and indispensable parties required for a just adjudication of the claims; and

    C. Whether the allegations in the Complaint seek to impose liability upon Tesla for wholly past acts or omissions.

**4. MOTIONS**

The parties have been focusing their resources on good faith settlement discussions aimed at an early resolution of this case. The parties' discussions have been productive to date. The Bay Area Air Quality Management District (BAAQMD), which is responsible for implementing and enforcing the Clean Air Act in this jurisdiction, has been a party to these settlement discussions. In May 2024, BAAQMD initiated an administrative proceeding before its hearing board alleging that Tesla violated its air quality permit, which BAAQMD and Tesla resolved pursuant to a stipulated order. The parties' ongoing settlement discussions are aimed at a global resolution of the allegations in this action as well as potential future administrative proceedings involving BAAQMD. In light of the parties' good faith efforts to resolve the case at an early stage without the need for additional litigation, the parties believe that it is premature to anticipate any motion practice in this case.

**5. AMENDMENT OF PLEADINGS**

For the above reasons, the parties believe that it is premature to anticipate an appropriate deadline for amending the pleadings.

**6. EVIDENCE PRESERVATION**

The parties have preserved all relevant evidence.

7. **DISCLOSURES**

The parties' initial disclosures are due on October 8, 2024.  However, for the above reasons, the parties believe that preparing and exchanging their initial disclosures is premature.

8. **DISCOVERY**

For the above reasons, the parties believe that it is premature to prepare a discovery plan and discuss how to resolve any ESI issues.

9. **CLASS ACTIONS**

This is not a class action.

10. **RELATED CASES**

As discussed above, BAAQMD initiated a related administrative proceeding in May 2024.  However, that administrative proceeding is not, strictly speaking, related under Local Rule 3-12(a).

11. **RELIEF**

EDP seeks: (a) an injunction requiring Tesla to refrain from operating unpermitted diesel generators; (b) an order requiring Tesla to pay civil penalties; (c) and (d) an order requiring Tesla to pay Plaintiff's reasonable attorney fees and costs.

12. **SETTLEMENT AND ADR**

The parties have reviewed their ADR options.  As discussed above, the parties are pursing an early resolution of this matter in good faith.  EDP, BAAQMD, and Tesla are scheduling a settlement meeting that will most likely occur the second week of October 2024.  Once this settlement meeting is completed, the parties will be able to determine the most appropriate ADR option for this case.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Tesla has not consented to a magistrate judge for all purposes.  ECF No. 15.

**14. OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

For the above reasons, the parties believe that discussing whether they can narrow the issues in dispute is premature.

**16. EXPEDITED TRIAL PROCEDURE**

This case is not appropriate for expedited trial procedures.

**17. SCHEDULING**

For the above reasons, the parties believe that proposing a litigation schedule is premature.

**18. TRIAL**

If necessary, this case will be tried by the Court. The parties are unable to anticipate the number of days the trial will require at this early stage of the case.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed their disclosures of non-party interested entities or persons. ECF Nos. 1-4 & 10.

**20. PROFESSIONAL CONDUCT**

The parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: September 26, 2024

*/s/ Lucas Williams*
Lucas Williams
Attorneys for Plaintiff
ENVIRONMENTAL DEMOCRACY PROJECT

1 | Dated: September 26, 2024

*/s/ R Raymond Rothman*
R Raymond Rothman
Attorneys for Defendant
TESLA, INC.

**ATTESTATION OF CONSENT OF SIGNATORIES**

    I, Lucas Williams, am filing this document under my ECF ID and password. Pursuant to Local Civil Rule 5-1(h)(3), I attest that Plaintiff's counsel has obtained the concurrence of Defendant's counsel's signatory, R Raymond Rothman, in this filing.

Dated: September 26, 2024

/s/ Lucas Williams
_____
Lucas Williams
Attorneys for Plaintiff
ENVIRONMENTAL DEMOCRACY PROJECT