MORGAN, LEWIS & BOCKIUS LLP
R Raymond Rothman, Bar No. 142437
rick.rothman@morganlewis.com
David K. Brown, Bar No. 281877
david.brown@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:     +1.213.612.2500
Fax:    +1.213.612.2501

Attorneys for Defendant
Tesla, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ENVIRONMENTAL DEMOCRACY PROJECT, a California non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.; TESLA MOTORS, INC.; and DOES 1 through 20,<br><br>Defendant. | Case No. 3:24-CV-02888-TLT<br><br>**ANSWER OF DEFENDANT TESLA, INC.**<br><br>[Clean Air Act 42 U.S.C. § 7604(a) Citizen Suit] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

ANSWER OF DEFENDANT TESLA, INC.
CASE NO. 3:24-CV-02888-TLT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Tesla, Inc.[1] ("Tesla") hereby files and serves their Answer and Affirmative Defenses to Plaintiff Environmental Democracy Project's ("EDP" or "Plaintiff") Complaint for Injunctive Relief, Declaratory Relief, and Civil Penalties ("Complaint"). Paragraph numbers in this Answer correspond to the paragraph numbers of the Complaint up to the Affirmative Defenses section. To the extent the headings in Plaintiffs' Complaint, which are separate and apart from the numbered allegations, are intended to be allegations as opposed to mere argument, they are denied.

## INTRODUCTION

1. The allegations in the first sentence of this paragraph, and the first part of the second sentence of Paragraph 1, reflect Plaintiff's characterization of the Complaint to which no response is required. With respect to the second sentence of Paragraph 1, Tesla admits that it operates an automotive manufacturing and assembly facility located at 45500 Fremont Boulevard in Fremont, California (the "Fremont Factory"). The remaining allegations contained in the Paragraph 1 constitute a legal argument to which no response is required. Except as so admitted, Tesla denies the remaining allegations in Paragraph 1.

2. The allegations contained in Paragraph 2 constitute legal argument to which no response is required. Tesla denies that it has violated the Clean Air Act hundreds of times since January 2021. To the extent that the allegations contained in Paragraph 2 are factual allegations regarding operations at the Fremont Factory, Tesla denies each and every such allegation.

3. Tesla denies that it has exposed residents and workers in the area surrounding the Fremont Factory to excess amounts of air pollution and/or harmful chemicals. The remaining allegations contained in the Paragraph 3 constitute a legal argument to which no response is required. To the extent Paragraph 3 contains allegations to which a response is required, Tesla denies the allegations in Paragraph 3.

4. The allegations contained in this paragraph pertain to Plaintiff; consequently, Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations in

---

[1] Plaintiff incorrectly named Tesla Motors, Inc. as an additional defendant, but Tesla Motors, Inc. changed its name to Tesla, Inc. in January 2017.

1  Paragraph 4 and, on that basis, denies each and every such allegation. Any remaining allegations
2  contained in Paragraph 4 would constitute a legal argument to which no response is required. To
3  the extent Paragraph 4 contains allegations to which a response is required, Tesla denies the
4  allegations in Paragraph 4.

## JURISDICTION

6      5.    Paragraph 5 of the Complaint purports to characterize statutes that speaks for
7  themselves, and any characterization is denied. By way of further response, the allegations in
8  Paragraph 5 of the Complaint contain conclusions of law to which no response is required, and
9  they are therefore denied.

10      6.    Paragraph 6 of the Complaint purports to characterize statutes that speaks for
11  themselves, and any characterization is denied. By way of further response, the allegations in
12  Paragraph 6 of the Complaint contain conclusions of law to which no response is required, and
13  they are therefore denied.

14      7.    Tesla admits that it received from EDP a letter dated March 4, 2024, with the
15  subject line "Notice of Intent to File Suit Under the Clean Air Act" (the "Notice") that alleged
16  violations of the Clean Air Act at the Fremont Factory and provided notice of EDP's agent for
17  service of process identifying an intent to file suit against Tesla, although Tesla denies that it
18  received the Notice on March 4, 2024. Tesla admits that the Notice was attached to the Complaint
19  as Attachment 1. Regarding the third sentence of Paragraph 7, Tesla admits that more than sixty
20  (60) days passed from the time Tesla received the Notice and the filing of EDP's Complaint. The
21  remainder of Paragraph 7 reflects legal conclusions, to which no response is required, or
22  allegations that Tesla lacks knowledge or information sufficient to form a belief about the truth of
23  the allegations and, on these bases, denies them.

## VENUE

25      8.    Tesla admits that the Fremont Factory is located within the Northern District of
26  California. The remaining allegations contained in Paragraph 8 reflect conclusions of law, to
27  which no response is required, and are therefore denied. Except as so admitted, all allegations in
28  Paragraph 8 are denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

ANSWER OF DEFENDANT TESLA, INC.
CASE NO. 3:24-CV-02888-TLT

## **INTRADISTRICT ASSIGNMENT**

9. Paragraph 9 reflects conclusions of law, to which no response is required, and are therefore denied.

## **PARTIES**

10. The allegations contained in Paragraph 10 pertain to Plaintiff; consequently, Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies each and every such allegation. To the extent Paragraph 10 contains any factual allegations regarding operations at the Fremont Factory, Tesla denies each and every such allegation. The remaining allegations contained in Paragraph 10 constitute a legal argument to which no response is required, and they are therefore denied.

11. The allegation in Paragraph 11 reflects Plaintiff's legal conclusion, to which no response is required, and is therefore denied.

12. Paragraph 12 reflects Plaintiff's speculation regarding the outcome of the Court's hypothetical grant of Plaintiff's requested relief, or otherwise reflects Plaintiff's legal conclusions, to which no response is required. To the extent that any response is required, Tesla denies the allegations in Paragraph 12.

13. Tesla denies that Tesla, Inc. is a Delaware corporation. Tesla admits that it owns and operates the Fremont Factory. Tesla further admits that the Fremont Factory is located at 45500 Fremont Boulevard in Fremont, California. Unless expressly admitted, Tesla denies the remaining allegations in Paragraph 13.

14. Denied.

15. The allegation in Paragraph 15 reflects Plaintiff's legal conclusion, to which no response is required, and is therefore denied.

16. No allegations appear in Paragraph 16, and thus no response is required. To the extent that any response is required, Tesla denies the allegations in Paragraph 16.

## **FACTUAL BACKGROUND**

17. Tesla admits that it owns and operates the Fremont Factory. Tesla further admits that the Fremont Factory is located at 45500 Fremont Boulevard in Fremont, California. To the

extent Paragraph 17 contains any additional factual allegations regarding operations at the Fremont Factory, Tesla denies each and every such allegation. The remaining allegations contained in Paragraph 17 constitute a legal argument to which no response is required.

18.   Tesla admits the allegations in the first sentence of Paragraph 18. Tesla admits that within the Fremont Factory are two vehicle body paint shops, the North Paint Shop ("NPS") and the South Paint Shop ("SPS"). Tesla further admits that in connection with its permitted operations at the Fremont Factory, including the NPS and SPS, it emits certain constituents. To the extent Paragraph 18 contains any additional factual allegations regarding operations at the Fremont Factory, Tesla denies each and every such allegation. The remaining allegations contained in Paragraph 18 constitute a legal argument to which no response is required.

19.   Tesla admits that operation of the NPS and SPS is authorized under the Fremont Factory's Title V Permit, issued to Facility No. A1438/E0459 (the "Title V Permit"), and Bay Area Air Management District ("BAAQMD") Authority to Construct pursuant to Application No. 32005 (the "Authority to Construct"). To the extent Paragraph 19 contains any additional factual allegations regarding operations at the Fremont Factory, Tesla denies each and every such allegation. The remaining allegations contained in Paragraph 19 constitute a legal argument and conclusions to which no response is required, and are therefore denied on that basis.

20.   Tesla admits that between January 2022 and June 2023 it reported more than 90 deviations in connection with its Title V Permit. Tesla further admits that a document with the heading "Attachment 3 – Deviations List" for the "Time Period January 1, 2023 through June 30, 2023" is included within Exhibit A to Attachment 1 of EDP's Complaint. To the extent Paragraph 20 contains any additional factual allegations regarding operations at the Fremont Factory, Tesla denies each and every such allegation. The remaining allegations contained in Paragraph 20 constitute a legal argument to which no response is required, and are therefore denied on that basis.

21.   Tesla denies that it has violated its Title V Permit or Authority to Construct more than 163 times between January 2021 and January 2024. The remaining allegations contained in the first sentence of this paragraph pertain to BAAQMD; consequently, Tesla is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies each and every such allegation. Tesla further admits that a document with the heading "PRR NOV Information" for "Tesla, Inc." is included within Exhibit B to Attachment 1 of EDP's Complaint. To the extent Paragraph 21 contains any additional factual allegations regarding operations at the Fremont Factory, Tesla denies each and every such allegation. The remaining allegations contained in Paragraph 21 constitute a legal argument to which no response is required, and are therefore denied on that basis.

22.     Tesla admits that the document with the heading "PRR NOV Information" for "Tesla, Inc." included within Exhibit B to Attachment 1 of EDP's Complaint contains a column with the heading "Issuance Date." Tesla further admits that it is in possession of certain Notices of Violation issued by the BAAQMD related to the Fremont Factory. To the extent Paragraph 22 contains any additional factual allegations regarding operations at the Fremont Factory, Tesla denies each and every such allegation. The remaining allegations contained in Paragraph 22 constitute legal argument to which no response is required, and are therefore denied on that basis.

23.     Tesla admits that it is not aware of either the United States Environmental Protection Agency ("EPA") nor the BAAQMD having initiated a civil action in a federal or state court to address Clean Air Act compliance at the Fremont Facility. By way of further response, Tesla avers that on May 2, 2024, the BAAQMD filed an Accusation of Violation of Regulation 2, Rule 1, Section 307 and Regulation 2, Rule 6, Section 307 before the Hearing Board of the BAAQMD, which includes similar allegations to that alleged in Plaintiff's Complaint. To the extent Paragraph 23 contains any additional factual allegations regarding operations at the Fremont Factory, Tesla denies each and every such allegation. The remaining allegations contained in Paragraph 23 constitute legal argument to which no response is required, and are therefore denied on that basis.

**LEGAL BACKGROUND**

24.     Paragraph 24 of the Complaint purports to characterize statutes that speak for themselves, and any such characterization is denied. By way of further response, the allegations in Paragraph 24 of the Complaint contain conclusions of law and they are therefore denied.

25. Paragraph 25 of the Complaint purports to characterize a statute that speaks for itself, and any such characterization is denied. By way of further response, the allegations in Paragraph 25 of the Complaint contain conclusions of law and they are therefore denied.

26. Paragraph 26 of the Complaint purports to characterize statutes and regulations that speak for themselves, and any such characterization is denied. By way of further response, the allegations in Paragraph 26 of the Complaint contain conclusions of law and they are therefore denied.

27. Paragraph 27 of the Complaint purports to characterize a statute that speaks for itself, and any such characterization is denied. By way of further response, the allegations in Paragraph 27 of the Complaint contain conclusions of law and they are therefore denied.

28. Paragraph 28 of the Complaint purports to characterize a statute that speaks for itself, and any such characterization is denied. By way of further response, the allegations in Paragraph 28 of the Complaint contain conclusions of law and they are therefore denied.

29. Paragraph 29 of the Complaint purports to characterize statutes that speak for themselves, and any such characterization is denied. By way of further response, the allegations in Paragraph 29 of the Complaint contain conclusions of law and they are therefore denied.

30. Paragraph 30 of the Complaint purports to characterize a statute that speaks for itself, and any such characterization is denied. By way of further response, the allegations in Paragraph 30 of the Complaint contain conclusions of law and they are therefore denied.

31. Paragraph 31 of the Complaint purports to characterize a statute that speaks for itself, and any such characterization is denied. By way of further response, the allegations in Paragraph 31 of the Complaint contain conclusions of law and they are therefore denied.

32. Paragraph 32 of the Complaint purports to characterize statutes that speak for themselves, and any such characterization is denied. By way of further response, the allegations in Paragraph 32 of the Complaint contain conclusions of law and they are therefore denied.

33. Paragraph 33 of the Complaint purports to characterize a statute and regulations that speak for themselves, and any such characterization is denied. By way of further response, the allegations in Paragraph 33 of the Complaint contain conclusions of law and they are

1  therefore denied. To the extent Paragraph 33 contains any factual allegations regarding operations
2  at the Fremont Factory, Tesla denies each and every such allegation.

### FIRST CLAIM

**Violations of Title V Permit, the State Implementation Plan, and the Clean Air Act—**

**Injunctive Relief, Declaratory Relief and Civil Penalties**

34.  No response is required for the allegations in Paragraph 34 of the Complaint. Tesla hereby incorporates by references its responses to the preceding paragraphs as if fully set forth herein.

35.  The first sentence of Paragraph 35 reflects Plaintiff's legal conclusion, to which no response is required, and any characterization is denied. Tesla denies that it has violated its Title V Permit or Authority to Construct hundreds of times since January 2021. Tesla admits that a document with the heading "Attachment 3 – Deviations List" for the "Time Period January 1, 2023 through June 30, 2023" is included within Exhibit A to Attachment 1 of EDP's Complaint. Tesla further admits that a document with the heading "PRR NOV Information" for "Tesla, Inc." is included within Exhibit B to Attachment 1 of EDP's Complaint. To the extent Paragraph 35 contains any additional factual allegations regarding operations at the Fremont Factory, Tesla denies each and every such allegation. The remaining allegations contained in Paragraph 35 constitute a legal argument to which no response is required.

36.  The allegations in Paragraph 36 appear to reflect Plaintiff's legal conclusions, to which no response is required, and Tesla therefore denies the allegations in Paragraph 36. To the extent Paragraph 36 contains any factual allegations regarding operations at the Fremont Factory, Tesla denies each and every such allegation. The remaining allegations contained in Paragraph 36 constitute a legal argument to which no response is required.

37.  Tesla admits that more than sixty (60) days passed between the time Tesla received the Notice and the filing of EDP's Complaint. Tesla further admits that it is not aware of the EPA nor the BAAQMD having initiated a civil action in a federal or state court to address Clean Air Act compliance at the Fremont Facility. The remaining allegations contained in the first sentence of this paragraph pertain to Plaintiff; consequently, Tesla is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies each and every such allegation. The remaining allegations contained in Paragraph 37 constitute a legal argument to which no response is required.

38. The allegations in Paragraph 38 reflect Plaintiff's legal conclusions, to which no response by Tesla is required, and they are denied.

## PRAYER FOR RELIEF

1. Tesla disputes and denies that Plaintiff is entitled to any of the legal relief requested.

2. Tesla disputes and denies that Plaintiff is entitled to any of the legal relief requested.

3. Tesla disputes and denies that Plaintiff is entitled to any of the legal relief requested.

4. Tesla disputes and denies that Plaintiff is entitled to any of the legal relief requested.

5. Tesla disputes and denies that Plaintiff is entitled to any of the legal relief requested.

## TESLA'S DEFENSES

Tesla denies Plaintiff's claims, that Plaintiff is entitled to any relief, or that Plaintiff is entitled to judgment against Tesla, as requested in the Prayer for Relief. Further, Tesla has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Tesla's knowledge, information, and belief as of this writing, and Tesla specifically reserves the right to modify, amend, or supplement any defenses contained herein at any time. Without conceding the burden of proof as to any one of them, Tesla alleges the following separate defenses to the Complaint.

Tesla expressly reserves the right to assert additional defenses that may appear and prove applicable during the course of this litigation. By asserting the defenses below, Tesla does not assume any burden of proof that is not imposed by any applicable law:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. The Complaint fails to and cannot state facts sufficient to constitute a cause of action upon which relief can be granted against Tesla.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2. Plaintiff's claims and are barred in whole or in part by all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedy)**

3. Plaintiff's claims are barred in whole or in part for failure to exhaust administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

4. This action cannot be maintained because Plaintiff does not have standing to bring the alleged claim.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

5. Plaintiff's claim is barred in whole or in part by the doctrine of laches by reason of Plaintiff's unreasonable delay in commencing this action, which delay has caused prejudice to Tesla.

**SIXTH AFFIRMATIVE DEFENSE**

**(Compliance with Applicable Laws)**

6. At all times relevant herein, the conduct of Tesla alleged in the Complaint conformed to all applicable statutes, government regulations, and industry standards applicable thereto.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

7. No threat of immediate harm or other facts exist sufficient to support a grant of injunctive relief.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Acts of Others/Intervening or Superseding Cause)**

8. Tesla asserts that Plaintiff's damages, if any, were the result of one or more intervening or superseding causes, or caused by the acts or failures to act of persons or entities other than Tesla, and were not the result of any act or omission on the part of Tesla.

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

9. Some or all of the causes of action in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

10. Plaintiff has waived any and all claims, rights, and demands made in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(De Minimis Violations)**

11. The causes of action set forth in Plaintiff's Complaint are barred because they are based on de minimis or insignificant violations of the Clean Air Act.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Wholly Past Acts or Omissions)**

12. The Complaint, and each and every cause of action contained therein, is barred because it seeks to impose liability upon Tesla for wholly past acts or omissions.

**RESERVATION OF RIGHTS**

Tesla expressly reserves the right to assert such additional defenses that may prove applicable during this litigation. Tesla hereby gives notice that it intends to rely on such other and

further defenses as may become available during discovery in this action and reserve the right to amend its Answer to assert any such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Tesla prays for judgment as follows:

1. That the Court denies Plaintiff's request for an injunction;
2. That the Court denies Plaintiff's request for a declaratory relief;
3. That Plaintiff take nothing by reason of the Complaint and that the Complaint be dismissed in its entirety with prejudice;
4. That judgment be entered in favor of Tesla and against Plaintiff on all claims alleged in the Complaint;
5. That Tesla be awarded its reasonable costs of suit incurred herein;
6. That Tesla be awarded its reasonable attorneys' fees incurred in defending this action pursuant to applicable law, or any other applicable statutory attorney fee provision(s); and
7. That the Court award Tesla such other and further relief as the Court deems just and proper.

Dated: November 14, 2024

MORGAN, LEWIS & BOCKIUS LLP

By _____
R Raymond Rothman
David K. Brown

Attorneys for Defendant
TESLA, INC.