MORGAN, LEWIS & BOCKIUS LLP
R Raymond Rothman, Bar No. 142437
rick.rothman@morganlewis.com
David K. Brown, Bar No. 281877
david.brown@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ENVIRONMENTAL DEMOCRACY PROJECT,<br><br>               Plaintiff,<br><br>     vs.<br><br>TESLA, INC., et al.,<br><br>               Defendant. | Case No. 3:24-cv-02888-TLT(LB)<br><br>**DEFENDANT TESLA, INC.'S OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA BY NONPARTY BAY AREA AIR QUALITY MANAGEMENT DISTRICT** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50675356.4

TESLA, INC.'S OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA
CASE NO. 3:24-CV-02888-TLT(LB)

## I. INTRODUCTION

The Bay Area Air Quality Management District (the "Air District") is not a named party to this action, but it is an important source of information with respect to the core allegations and facts in Plaintiff Environmental Democracy Project's ("EDP") case, and is itself responsible for the perceived "undue burden" for which the agency now seeks relief from this Court. The Air District is the primary regional air quality regulatory agency for stationary sources and has initiated a related administrative proceeding against Tesla, Inc. ("Tesla") in May 2024. *See* ECF No. 37 at 3, ¶ 10. EDP bases its claims for violation of the Clean Air Act directly upon the Air District's notices of violations ("NOVs") issued to Tesla. Compl., ECF No. 1, ¶ 21 & Ex. B to Att. 1. Moreover, the Air District has been actively involved in advanced settlement discussions that have included the parties and participated in a full-day private mediation session with neutral Peter Weiner on February 20, 2025, yet the Air District's regulatory processes have dramatically slowed the pace of the negotiations. *See* ECF No. 36. Indeed, Tesla has been waiting for over a month for the Air District to meaningfully respond to the company's latest settlement proposal. While the parties to this action believe that the Air District's involvement in settlement negotiations is essential to reaching an appropriate global resolution, the agency's failure to meaningfully engage and respond in a timely fashion is the very reason that the parties and the Air District are now forced to focus their time and resources—as well as those of the Court—on discovery issues rather than settlement discussions. As such, the Air District is not an innocent bystander whose hand has been forced to respond to a properly issued document subpoena, nor should the issuance of the subpoena come as any surprise to the agency. The seven limited document requests in the document subpoena issued by Tesla to the Air District are categories of documents the Air District should have easily accessible and reviewable, given their important role in this case and related administrative proceeding that has been ongoing since May 2024.

Tesla respectfully requests that the Court deny the Air District's motion to quash. In the alternative, Telsa is not opposed to the Air District's request for additional time to respond to the subpoena by five additional weeks (through May 30, 2025) in light of the Court's recent order

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

2

TESLA, INC.'S OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA
CASE NO. 3:24-CV-02888-TLT(LB)

DB2/ 50675356.4

extending the fact discovery cut-off to June 24, 2025, pursuant to the parties' Joint Administrative Motion to Modify the Case Schedule.  ECF Nos. 36, 41.

## II.  STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should (1) permit enforcement of Tesla's subpoena, (2) quash Tesla's subpoena, or in the alternative, (3) modify Tesla's subpoena to grant the Air District five additional weeks, until May 30, 2025, to respond.

## III.  FACTUAL BACKGROUND

Both this action and the Air District dispute involve allegations that Tesla violated its air quality permit at Tesla's automobile manufacturing facility in Fremont, California.  Due to the impending case deadlines, the parties have been forced to expend significant resources on fact discovery instead of focusing on settlement efforts.  The Air District is a critical third party actively involved in advanced settlement discussions aimed at achieving a global resolution of this matter and its related administrative proceedings, yet the glacial pace of its regulatory processes have impeded the parties' settlement efforts.  Specifically, Tesla has been waiting over a month for the Air District to provide a substantive response to Tesla's most recent settlement proposal.  Declaration of R Raymond Rothman ("Rothman Decl.") at ¶ 4.  Given impending litigation deadlines and in furtherance of its discovery plan, Tesla issued a document subpoena to the Air District on March 28, 2025, which was served on April 1, 2025.  *Id.* ¶ 2; Mot., ECF No. 38 at Ex. A.  The subpoena set a compliance deadline 15 days later, on April 16, 2025.  *Id.*

The subpoena's seven limited requests seek documents in the possession, custody, or control of the Air District concerning: (1) communications between the Air District and EDP, (2) NOVs issued to Tesla by the Air District, (3) Tesla's Permit to Operate issued by the Air District, (4) Tesla's Authority to Construct issued by the Air District, (5) the Air District's related administrative proceeding, (6) Tesla's Fremont Facility, and (7) this action.  *Id.*  Following several meet and confer discussions between Tesla and the Air District, including a substantial narrowing of the document requests, Tesla extended the compliance deadline through April 23, 2025.  Rothman Decl., ¶ 3.  The current fact discovery cut-off date is June 24, 2025.  ECF No. 41.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

3

TESLA, INC.'S OPPOSITION TO MOTION
TO QUASH OR MODIFY SUBPOENA
CASE NO. 3:24-CV-02888-TLT(LB)

DB2/ 50675356.4

## IV. ARGUMENT

Federal Rule of Civil Procedure 45 governs subpoenas issued to third-parties. Rule 45 requires that the issuing party provide a "reasonable time to comply" and the provisions of the Rule dealing with objections to a subpoena specifically contemplate that less than 14-day service may be proper. Fed. R. Civ. P. 45 (d)(2)(B) & (d)(3)(A)(i). As discussed below, Tesla has permitted adequate time to comply with the subpoena and has not imposed an undue burden upon the Air District.

### A. Tesla's Subpoena Provides Adequate Time to Comply Given the Air District's Active Involvement In this Action and Pursuant to Governing Law

Tesla is sensitive to the limited resources of the in-house legal department at the Air District and has worked with the Air District to both enlarge the time for compliance and narrowly tailor each of the seven document requests in the subpoena. However, this is not a situation where the third party was caught off guard by suddenly being called to collect and produce documents related to this action. The Air District initiated its own related administrative proceedings against Tesla back in May 2024, nearly a year ago, and presumably should have already collected its files related to prosecuting that action. *See* ECF No. 38 at Ex. A (Request No. 5). In addition, the NOVs, Permit to Operate, and Authority to Construct that were issued by the Air District are all subject of the related administrative proceeding and this action. *See id.* (Request Nos. 2-4). Furthermore, the Air District had been participating in advanced settlement negotiations for a global resolution of this matter since at least August 2024 of last year, including an all-day private mediation session with the parties on February 20, 2025. Rothman Decl., ¶ 4. It stands to reason that the Air District already has (or should have) prepared files of documents related to this case that are easily accessible and reviewable for production in response to Tesla's subpoena.

The original time set for compliance in the subpoena was 15 days after service of the subpoena. ECF No. 38 at Ex. A. Tesla further agreed to extend that deadline to the best of its abilities within the then-current fact discovery cut-off through April 23, 2025, permitting an additional 7 days. Rothman Decl., ¶ 3. The Air District's cited case *Gordon v. Sonar Capital*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

TESLA, INC.'S OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA
CASE NO. 3:24-CV-02888-TLT(LB)

DB2/ 50675356.4

*Management LLC*, 2015 WL 1227848, at *2 (N.D. Cal. 2015) further demonstrates that 22 days is a reasonable time in which to comply with a deposition subpoena. Mot. at 3; *see also S.F. Bay Area Rapid Transit Dist. v. Spencer*, No. C 04-04632 SI, 2006 U.S. Dist. LEXIS 81677, at *13 (N.D. Cal. Oct. 23, 2006) ("Service of subpoenas at least 10 days before the deposition or production is customary, but not mandatory.") (internal quotation omitted). In *Gordon*, there were only 6 days between service of the March 5 subpoena and the deposition, which included document requests, and the court addressed objections to the timing of the deposition by setting it for March 17 – *12 days later*. *Gordon*, 2015 WL 1227848, at *2. Accordingly, Tesla's date of compliance was objectively reasonable under Fed. R. Civ. P. 45, based on the unique facts of the Air District's active involvement in this case, and under applicable case law.

**B.     The Subpoena Does Not Impose an Undue Burden on the Air District**

In determining whether there is undue burden, courts typically "balance[ ] the burden on the recipient of the subpoena, the relevance of the information sought to the claims or defenses at issue in the lawsuit, the scope or breadth of the discovery request, and the party's need for that information." *Third Degree Films, Inc. v. Does 1-178*, No. C 12-3858 EMC, 2012 WL 12925674, at *2 (N.D. Cal. Dec. 6, 2012). Here, Tesla issued only seven targeted Requests to the Air District. As discussed above, the Air District is the regulatory agency that has investigated and generated that NOVs that provide the factual basis for EDP's claims alleging violations of the Clean Air Act, particularly as to each of the NOVs issued by the Air District which are attached to the Complaint. Accordingly, the subpoena is critical to furthering the factual record in this case. Tesla did not issue the subpoena for any harassing purpose and limited the scope of its requests as to those that were most likely to lead to the discovery of admissible evidence. Understanding and sensitive to the limited legal team "manpower" at the Air District, Tesla's counsel met and conferred with the Air District to further narrow each of its seven requests. Rothman Decl., ¶ 3. For example, Tesla agreed to limit Request No. 6 to Tesla's Fremont Facility paint shops specifically, without waiver of its position that it does not believe Request No. 6 is overbroad. *Id.* None of this should come as a surprise to the Air District as the agency

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50675356.4

5

TESLA, INC.'S OPPOSITION TO MOTION
TO QUASH OR MODIFY SUBPOENA
CASE NO. 3:24-CV-02888-TLT(LB)

has been involved in numerous settlement discussions with Tesla and EDP, since at least August 2024, and has been aware of this action and its role as the primary regulator and custodian of documents potentially relevant to the issues that are central to this dispute.

Again, Tesla's seven limited requests seek documents in the possession, custody, or control of the Air District concerning: (1) communications between the Air District and EDP, (2) NOVs issued to Tesla by the Air District, (3) Tesla's Permit to Operate issued by the Air District, (4) Tesla's Authority to Construct issued by the Air District, (5) the Air District's related administrative proceeding, (6) Tesla's Fremont Facility, and (7) this action. ECF No. 38 at Ex. A. Requests for Production Nos. 2 through 7 all seek information that is uniquely in the possession of the Air District that Tesla cannot obtain from other sources. As to Request for Production No. 1, which seeks communications between the Air District and Plaintiff, Tesla is entitled to obtain communications that are in the possession, custody, or control of the Air District. Because the relevant time period of the document subpoena extends back to January 1, 2021, there may have been communications between the Air District and Plaintiff that no longer exist in EDP's records but that are still retained in the Air District's files. Accordingly, the Court should deny the Air District's request to quash that Request in its entirety.

## V.  CONCLUSION

Based on the foregoing, Tesla respectfully requests that the Court deny the Air District's motion to quash Tesla's subpoena. In the alternative, Telsa is not opposed to the Air District's request for additional time to respond to the subpoena by five additional weeks (through May 30, 2025) in light of the Court's recent order extending the fact discovery cut-off to June 24, 2025, pursuant to the parties' Joint Administrative Motion to Modify the Case Schedule. ECF Nos. 36, 41.

Dated: April 30, 2025

MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ R Raymond Rothman*
R Raymond Rothman

Attorneys for Defendant
TESLA, INC.

**PROOF OF SERVICE BY ELECTRONIC MAIL**

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626.

On April 30, 2025, I served a copy of the within documents:

**DEFENDANT TESLA, INC.'S OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA BY NONPARTY BAY AREA AIR QUALITY MANAGEMENT DISTRICT**

by transmitting via electronic mail the document(s) listed above to each of the person(s) set forth below.

| | |
|---|---|
| Lucas Williams<br>Jacob Janzen<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>Tel.: 415.913.7800<br>Email: lwilliams@lexlawgroup.com<br>jjanzen@lexlawgroup.com | Attorneys for Plaintiff<br>ENVIRONMENTAL DEMOCRACY PROJECT |

Executed on April 30, 2025, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*KC Roselló*

KC Roselló

7
PROOF OF SERVICE
CASE NO. 3:24-CV-02888-TLT(LB)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50675356.4